UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TERRENCE WIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-149-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. GRONDOLSKY, Warden | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court for screening of Petitioner Terrence Wiggins' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. §2243; *Harper v. Thoms*, 51 F. App'x 517 (6th Cir. 2002). Wiggins is confined in the Federal Correctional Institution in Manchester, Kentucky, and has paid the requisite $5.00 filing fee for a habeas proceeding. Because Wiggins is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Here, Wiggins claims that the BOP has improperly failed to credit his federal sentence for time served in state custody while awaiting

trial on federal charges. Specifically, Wiggins has moved the Court to direct the BOP to credit him with over three years of time (January 7, 2003, to January 26, 2006). Because the Court finds that the BOP's computation of Wiggins' sentence is accurate and because Wiggins has failed to present any argument on which relief can be granted, his Petition will be denied and this action will be dismissed, *sua sponte.*

## I.    CLAIMS AND FACTUAL ALLEGATIONS

Wiggins was arrested on state charges by Tennessee state officials on January 7, 2003. Subsequently, however, the state charges were dismissed,[1] and Wiggins was indicted on federal charges in the United States Court for the Middle District of Tennessee (Nashville), for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Terrence Tyrone Wiggins*, Case No. 3:03-CR-180-1 (Judge Todd J. Campbell, presiding). Because Wiggins was on parole at the time of his arrest, state authorities revoked his parole and Wiggins was incarcerated from April 9, 2003, until January 26, 2006. Notably, however, Wiggins was in the was in the custody of the United States Marshall from April 9, 2003, to January 26, 2006, pursuant to a writ of habeas corpus *ad prosequendum*. On January 7, 2005, Wiggins was sentenced to a term of sixty (60) months imprisonment on the federal charges.[2] At the time of sentencing, the court ordered that his federal sentence run consecutive to the state parole sentence. Further, the court recommended that Wiggins be given credit on his federal

---

[1]    The state charges were related to Wiggins' federal charges [Record No. 5-3, p.1].

[2]    Wiggins was initially indicted on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Terrence Tyrone Wiggins*, Case No. 3:03-CR-180-1 (Judge Todd J. Campbell, presiding). However, on October 7, 2004, a "Felony Information" was filed against Wiggins, Case No. 04-CR-169-1. Wiggins was sentenced on January 7, 2005, on the charges contained in the information. At that time, the Court dismissed the indictment in Case No., 03-CR-180-1.

sentence from the date of his initial arrest, January 7, 2003. [*See* M.D. Tenn., Docket Sheet, 04-CR-169-1, Entry No. 14]

Wiggins filed this § 2241 petition on May 2, 2007, claiming that the BOP incorrectly calculated his sentence by failing to give him credit on his federal sentence from the date of his arrest on January 7, 2003, to January 26, 2006. In support, he relies heavily on the fact that the sentencing court recommended that he receive credit on his federal sentence from the date of his arrest on January 7, 2003. In addition, he relies on the provisions contained in § 5G1.3 of the United States Sentencing Guidelines.[3] Importantly, the Court notes that Wiggins does not dispute that he received credit on his state sentence for the parole violation for the period of time between January 7, 2003, and January 26, 2006.

In calculating his sentence, the BOP determined that Wiggins' federal sentence began on January 26, 2006, the date which he was released from state custody. However, Wiggins claims that the BOP incorrectly calculated his sentence by failing to give his credit for the period from April 9, 2003, to January 26, 2006, when he was in the custody of the United States Marshall pursuant to a writ of habeas corpus *ad prosequendum*.

## II.     DISCUSSION

Wiggins has fully exhausted his BOP administrative remedies set forth in 28 C.F.R. § 542.13-15 (2007). Warden Grondolsky denied Wiggins' BP-9 "Request for Administrative

---

[3]  USSG. § 5G1.3(c) states as follows:
. . .
(c) (Policy Statement) In any case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutive to the prior undischarged term if imprisonment to achieve a reasonable punishment for the instant offense."

Remedy" on August 3, 2006. [Record No. 5-3. p.1]  K. M. White, Regional Director of the BOP's Mid-Atlantic Regional Office, denied Wiggins' BP-10 "Request for Administrative Remedy" on January 17, 2007.  [*Id*., p. 13]

In their responses, both Warden Grondolsky and Director White acknowledged that the district court recommended that Wiggins receive credit from the date of his arrest on January 7, 2003.  However, they rejected Wiggins' argument that the sentencing court's recommendation was dispositive as to the award of credit.  Warden Grondolsky specifically noted that BOP Program Statement ("PS") 5880.28, *Sentence Computation Manual, CCCA*, pp.1-27, states that "[s]hould the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage  and credit will not be allowed." [Record No. 5-3, p.1]  Director Watts agreed that PS 5880.28 controlled the issue and that Wiggins was not entitled to the additional credit on his federal sentence, notwithstanding the sentencing judge's recommendation.  [Record No. 5-3, p.13]

On March 7, 2007, Harrell Watts, Administrator of the National Inmate Appeals, denied Wiggins' BP-11 appeal, which was the final administrative step of the BOP's regulations. [Record No. 10]  Watts agreed with Warden Grondolsky and K. M. White that Wiggins had been in state custody during the period of time at issue.  [Record No. 10]  Reiterating that Wiggins had already received credit on his sentence for the state parole violation for the period of time between January 7, 2003, and January 26, 2006, Watts rejected Wiggins' request for credit on his federal sentence for that period of time.  Specifically, Watts stated that, if Wiggins received

credit on his federal sentence for this period of time, he would be given double credit for time in violation of 18 U.S.C. §3585(b). *Id.* Watts reiterated that the sentencing judge's recommendation as to the credit was not controlling, in light of § 3585(b), which precludes the award of double credits. *Id.*

> Title 18 of the United States Code, Section 3585, provides that:
>
> (a) **Commencement of sentence**. – A sentence to a term of imprisonment commences on *the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily *to commence service of the sentence* at, the official detention facility at which the sentence is to be served.

18 U.S.C. §3585(a) (emphasis added). The BOP determined that Wiggins was not received in custody to commence service of his sentence until January 26, 2006, the date which he was released from state custody. The Court finds that this determination is clearly correct under the statute.

In the same statute, Congress has allowed credits for time spent in custody prior to the official commencement date, but prior custody credit is limited, as follows:

> (b) **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention prior to the date the sentence commences--*
>     (1)    as a result of the offense for which the sentence was imposed; or
>     (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).

Wiggins has not denied that he received credit toward his state sentence for the time spent in custody from January 7, 2003, to January 26, 2006. As such, he is not entitled to receive

additional credit on his federal sentence for that period of time since this time in custody has been "credited against another sentence." As a result, he is barred from receiving the prior custody credits toward his federal sentence under 18 U.S.C. §3585(b).

Moreover, Wiggins' detention by federal authorities for the proceedings in the United States District Court for the Middle District of Tennessee pursuant to a writ of *habeas corpus ad prosequendum* does not change this result. During the period of time between January 7, 2003, and January 26, 2006, Wiggins was only "borrowed" by federal authorities while in their custody under writ of *habeas corpus ad prosequendum*. During that time, he was primarily in the State of Tennessee's custody and was only secondarily in federal custody pursuant to the writ. In *Huffman v. Perez*, 230 F.3d 1358 (6th Cir. 2000), the petitioner alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit disagreed, stating that:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman*, 230 F.3d at 1359. The court noted that the petitioner received credit on his state sentence for the time which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. *Id*. (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). Thus, the court held that crediting the petitioner again for the same time would result in improper double credit. *Huffman*, 230 F.3d at 1359. Because Wiggins was credited

with the three-year period of time on his Tennessee state court sentence, he cannot "double-dip" under § 3585(b) and receive credit toward his federal sentence for this time period. This result is consistent with earlier decisions of this Court. *See High v. Stine*, 2007 WL 38377 (E.D. Ky. Jan. 5, 2007) (unpublished), and *Hayes v. Patton*, 2006 WL 2375609 (E.D. Ky. Aug. 16, 2006) (unpublished).[4]

Finally, the Court notes that Wiggins' reliance on U.S.S.G. § 5G1.3(c) is misplaced.[5] Challenges to the application of the USSG are not properly asserted under a § 2241 habeas petition. *See Easley v. Stepp*, 5 F. App'x. 541, 542 (7th Cir. 2001) (direct appeals involving the challenges to applications of specific sentencing guidelines have procedural postures different from a petition for writ of habeas corpus under 28 U.S.C. § 2241). While Wiggins could have filed a direct appeal of his 2005 federal sentence or a motion to vacate his sentence with the trial court, he chose not to proceed in that manner. In short, Wiggins § 2241 petition fails to state a

---

[4] *See also Broadwater v. Sanders*, 59 F. App'x. 112, 113-14, 2003 WL 463481, at *1 (6th Cir. Feb. 20, 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence). *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain*, 9 F.3d at 505.

[5] While the petitioner cites U.S.S.G. § 5G1.3 as authority for his claims, it would appear that he may be asserting a claim under the doctrine established in *Willis v. United Sates*, 438 F.2d 923 (5th Cir. 1971). That case holds that under certain circumstances, a sentencing adjustment can be made. Specifically, when non-federal and federal sentences run concurrent to each other, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.

*Willis* would not apply here, because the sentencing court specifically ordered his federal sentence to run *consecutive* to the state sentence. [*See U.S. v. Wiggins*, M.D. Tenn., 04-CR-169-1, Docket Entry No. 14].

claim upon which relief may be granted. Therefore, his petition will be denied and the action will be dismissed from the Court's active docket. *See* 28 U.S.C. §1915(e)(2)(ii).

### III. CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) Petitioner Terrence Wiggins' § 2241 petition for writ of habeas corpus is **DENIED**;

(2) This action is **DISMISSED, with prejudice**, *sua sponte,* from the Court's docket;

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 14th day of September, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge